JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq., SBN 236229
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport St., Suite 1120
OAKLAND, CA 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
Email: john.burris@johnburrislaw.com
       adante.pointer@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE HUTCHINSON, individually and as personal representative of the Estate of DARNELL HUTCHINSON; the Estate of DARNELL HUTCHINSON,<br><br>            Plaintiffs,<br>  v.<br><br>CITY OF SAN LEANDRO, a municipal corporation; OFFICER BRIAN BUSS individually and in his official capacity as a Police Officer for the CITY OF SAN LEANDRO; OFFICER JEFF WALTON individually and in his official capacity as a Police Officer for the CITY OF SAN LEANDRO; DOES 1-50, inclusive; individually and in their official capacities as POLICE OFFICERS for the CITY OF SAN LEANDRO<br><br>            Defendants. | Case No.: C12-03898<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>JURY TRIAL DEMANDED |

FIRST AMENDED COMPLAINT                                                                                                              1

## INTRODUCTION

1. This case arises out of the wrongful death of thirty-two year old DARNELL HUTCHINSON at the hands of two SAN LEANDRO Police Officers during the night of October 9, 2011.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of SAN LEANDRO, County of Alameda, California, which is within this judicial district.

## PARTIES

3. Plaintiff herein KATHERINE HUTCHINSON, is, and at all times mentioned herein, is a competent adult who appears both individually and as the personal representative of DARNELL HUTCHINSON. Plaintiff is the surviving parent of decedent, DARNELL HUTCHINSON.

4. Plaintiff, THE ESTATE OF DARNELL HUTCHINSON appears by and through its representative KATHERINE HUTCHINSON, and may maintain causes of action and recover damages for the value of decedent's life and decedent's pain and suffering.

5. Defendant CITY OF SAN LEANDRO ("hereinafter Defendant") is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California.

6. At all times mentioned herein, BRIAN BUSS, Officer of the SAN LEANDRO POLICE DEPARTMENT ("hereinafter Defendant BUSS"), is sued in his individual and official capacity.

7. At all times mentioned herein, JEFF WALTON, Officer of the SAN LEANDRO POLICE DEPARTMENT ("hereinafter Defendant WALTON"), is sued in his individual and official capacity.

8. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because

of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

9.  In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

10.  In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11.  Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12.  For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

**FACTS**

13.  On or about October 9, 2011, at approximately 11:30 p.m., decedent, Darnell Hutchinson, at the time a 32 year old African-American male, was sitting and eating at Nation's Hamburgers in Washington Plaza in San Leandro, CA. Shortly, after completing his meal he walked outside of the restaurant and was confronted by CITY OF SAN LEANDRO Police Officers BRIAN BUSS and JEFF WALTON. Both Officers aggressively approached and physically accosted Mr. Hutchinson by grabbing him about his upper body. Mr. Hutchinson asked a group of witnesses to "not leave" in the hope that the Officers would not further accost and assault him if they remained present. Unfortunately, the witnesses' presence did not cause the Officers to relent. Instead, the Officers proceeded to place Mr. Hutchinson's arms behind his back. Next, one of the Officers tased Mr. Hutchinson at or about his genitals causing the group to fall to the ground.

14.  Once on the ground, additional Officers arrived and joined in the unlawful assault. The Officers held Mr. Hutchinson down by digging their knees and feet into his body and leveraging their bodies against his and the pavement. The combined weight of the Defendant Officers' bodies on Mr.

Hutchinson made it difficult for him to breathe and placed his cardiovascular system in extreme distress.

15. Then, one or more Officers tased Mr. Hutchinson multiple times. Mr. Hutchinson pleaded with the Officers to please "don't kill me!" The Officers ignored his pleas and within moments, Mr. Hutchinson became non responsive and was never revived. He was later pronounced dead.

16. Plaintiffs are informed and believe and thereon allege that the CITY OF SAN LEANDRO and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants BUSS, WALTON and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendants BUSS, WALTON and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants' BUSS, WALTON and DOES 1-25's inclusive, misconduct.

17. Plaintiffs are informed and believe and thereon allege that members of the CITY OF SAN LEANDRO Police Department, including, but not limited to, Defendants BUSS, WALTON, and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, DARNELL HUTCHINSON.

18. Plaintiff is further informed and believes and thereon alleges that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily minority citizens defendant CITY OF SAN LEANDRO POLICE DEPARTMENT has long allowed citizens, such as the decedent, to be abused by its police officers, including by Defendants BUSS, WALTON and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

19. As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of defendant CITY OF SAN LEANDRO Police Department, decedent and Plaintiffs were

subjected to the violation of their constitutional rights as alleged herein.

## DAMAGES

20. As a consequence of Defendants violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff KATHERINE HUTCHINSON was mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

21. Plaintiff, ESTATE OF DARNELL HUTCHINSON, by and through, KATHERINE HUTCHINSON, the personal representative of DARNELL HUTCHINSON'S estate, is entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b). Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

22. Plaintiff, ESTATE OF DARNELL HUTCHINSON is entitled to recover damages by and through KATHERINE HUTCHINSON, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

23. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
### (Violation of Fourth Amendment of the United States Constitution
### (42 U.S.C. §1983)
### (THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this complaint. Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Deliberate Indifference to Decedent's Medical Needs)
### (THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

25. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. Decedent was entitled to receive necessary medical attention while in the care and custody of the SAN LEANDRO Police Department. In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

27. As a proximate result of defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Wrongful Death)
### (42 U.S.C. §1983)
(THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

28. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Defendants acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and/or,

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violations of Plaintiffs' Civil Rights to Familial Relationship)
### (42 U.S.C. § 1983)
(KATHERINE HUTCHINSON v BUSS, WALTON & DOES 1-25)

30. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint as though fully set forth;

31. Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without

provocation and attempted to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of her right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Survival action: Violation of decedent's civil rights)
### (42 U.S.C. §1983)
(THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

32. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. DARNELL HUTCHINSON was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

34. DARNELL HUTCHINSON did not file a legal action before his death;

35. Plaintiff KATHERINE HUTCHINSON, as personal representative of the ESTATE OF DARNELL HUTCHINSON claims damages for the conscious pain and suffering incurred by DARNELL HUTCHINSON, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Monell)
### (42 U.S.C. §1983)
(THE ESTATE OF DARNELL HUTCHINSON v. CITY OF SAN LEANDRO, and DOES 26-50)

36. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37. As against Defendants CITY OF SAN LEANDRO, and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the CITY. Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and

representative of a repeated course of conduct by members of Defendant CITY OF SAN LEANDRO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

38. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY OF SAN LEANDRO, and DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF SAN LEANDRO police officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

39. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY OF SAN LEANDRO, DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF SAN LEANDRO police officers, which have included, but are not limited to, using excessive and/or unlawful deadly force on a repeated basis.

40. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to

prevent continuing violations of the rights of citizens.

41. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions, arrests and/or using force against mentally impaired and/or emotionally disturbed persons.

42. The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY OF SAN LEANDRO, and DOES 26-50, and/or each of them, resulted in the deprivation of the constitutional rights of the Decedent and Plaintiff, including, but not limited to, the following:

   a. the right not to be deprived of life, liberty or property without Due Process of Law;
   b. the right to be free from unreasonable searches and/or seizures; and/or,
   c. the right to equal protection of the law.
   d. the right to familial relationships
   e. the right to enjoy civil and statutory rights

43. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

44. As a result of the violation of their constitutional rights by Defendants CITY OF SAN LEANDRO, and/or DOES 26-50 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**
(KATHERINE HUTCHINSON v. BUSS, WALTON & DOES 1-25)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,

and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Defendant BUSS, WALTON and DOES 1-25 inclusive, proximately caused the death of decedent DARNELL HUTCHINSON, on October 9, 2011 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

47. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff KATHERINE HUTCHINSON has sustained pecuniary loss resulting from the loss of comfort, society, and services of her son, decedent, in an amount according to proof at trial.

48. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

49. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Violation of Decedent's Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

51. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Violation of Decedent's State Statutory Rights)
### (Violation of CALIFORNIA CIVIL CODE §51.7)
(THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

52. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 51 of this complaint.

53. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants BUSS, WALTON and DOES 1 through 25, inclusive, as described herein, was motivated by prejudice against DARNELL HUTCHINSON. Decedent is and was readily recognizable as African-American. In engaging in such conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

54. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

55. As a proximate result of Defendants' wrongful conduct, decedent suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
(THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 of this complaint.

57. Defendants' above-described conduct was extreme, unreasonable and outrageous.

58. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### ELEVENTH CAUSE OF ACTION
**(Assault And Battery)**
(THE ESTATE OF DARNELL HUTCHINSON v BUSS, WALTON & DOES 1-25)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 of this complaint.

60. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

### PRAYER

WHEREFORE, plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants BUSS and WALTON and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred.

Dated:  October 24, 2012                **THE LAW OFFICES OF JOHN L. BURRIS**

/s/  John L. Burris, Esq.
JOHN L. BURRIS
Attorneys for Plaintiffs