UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATHERINE HUTCHINSON,

    Plaintiff(s),                              No. C 12-3898 PJH

    v.                                      **ORDER RE SETTLEMENT REFERRAL**

CITY OF SAN LEANDRO, et al.,

    Defendant(s).

_____/

       At the January 2, 2013 case management conference, this matter was referred, with the agreement of counsel, directly to Magistrate Judge Westmore to preside over a settlement conference. Defense counsel, Anita Rimes, now advises the court by letter filed on January 22, 2013, that she is not lead counsel, and that new lead counsel, Rachel Wagner, has replaced former lead counsel, Kimberly Colville upon Ms. Colville's appointment to the Alameda County bench. Ms. Rimes further advises that in her opinion the fact that Ms. Wagner and Judge Westmore were colleagues in the past and that Judge Westmore was supervised by Ms. Wagner while they both worked at the Oakland City Attorney's Office, presents a conflict of interest for Judge Westmore and raises a question of the appearance of her neutrality. The implication is that because Ms. Wagner and Judge Westmore were colleagues, it might appear, presumably to the opposing party, that Judge Westmore would be biased in favor of Ms. Wagner's client. This appears to the court to be an argument that is more appropriately made by plaintiff's counsel, who not only has not made such an argument, but who consented to the assignment of Judge Westmore, and who, the court suspects' given the nature of his practice, knows full well that Ms. Wagner and Judge Westmore were colleagues in the past. Judge Westmore has advised the

undersigned, however, that she has had no direct contact with Ms. Wagner for a number of years and that she was supervised by Ms. Wagner for about a year sometime before 2003.

Given these representations, there is no basis for a finding of a conflict of interest, nor is there anything about their past relationship that would suggest to a reasonable observer, a lack of neutrality in favor of or against Ms. Wagner by Judge Westmore. A recusal based on a prior working relationship that is more than several years old, is not warranted. However, given that the court permits parties to elect which magistrate judges they would prefer to work with for settlement purposes, the court will grant the stipulated request of the parties to reassign the settlement conference to Magistrate Judge Beeler.

Accordingly, this case is REASSIGNED for purposes of a settlement conference to Magistrate Judge Beeler. The parties will be advised of the date, time and place of appearance by notice from Magistrate Judge Beeler.

IT IS SO ORDERED.

Dated: January 24, 2013

PHYLLIS J. HAMILTON
United States District Judge

cc: MagRef, Magistrate Judges Westmore, Beeler